**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL LEMAY,

    Plaintiff,

v.                                                                           No. CIV 09-0595 JH/GBW

CAPTAIN CORRECTIONAL OFFICER MITCHELL,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on this civil rights complaint. The named Plaintiff is incarcerated. A motion for leave to proceed in forma pauperis ("IFP") also has been filed. For the reasons below, the complaint will be dismissed.

The Court has the discretion to dismiss an IFP complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing this complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The return address on the envelope that contained Mr. LeMay's complaint is in the name and

prisoner ID number of John Paul Thomas. The complaint and IFP motion are drafted and "signed" in a handwriting that the Court recognizes. The complaint's drafter is an experienced pro se prison litigator who has filed a number of cases in this Court. *See* Nos. CV 08-0427 MV/LAM; CV 08-1016 JH/WPL; CV 08-1178 WJ/DJS; CV 09-0128 WJ/ACT; CV 09-0293 RB/WPL; CV 09-0547 MV/KBM; CV 09-0574-MV/ KBM.

In an earlier proceeding, *LeMay v. Two Unknown Detectives*, No. CV 09-0549 WJ/ LFG, the drafter prepared an initiating motion for the above-named Plaintiff. That motion was signed, apparently by Mr. LeMay, in a very different handwriting from that in the instant complaint. And in yet another case, *McDonald v. Janecka*, No. CV 09-0022 MV/GBW, the drafter filed a motion for leave to file a third-party petition for writ of habeas corpus on behalf of the Petitioner McDonald. The Court denied the motion and admonished the drafter that, although he is not prohibited from assisting other inmates generally, all filings must be signed by the individual plaintiff/petitioner or by an attorney-at-law.

The signature on the instant complaint is in marked contrast to signatures in previous documents submitted by the drafter. He writes the text of his filings in a print style, and his signature is distinct. *See, e.g.,* No. CV 09-0547 MV/KBM, Doc. 1. Second, Mr. LeMay's signature is also distinct. Here, Mr. LeMay's "signature" on the complaint is in the drafter's printed style. This does not appear to be an attempted forgery, because no observer would confuse the drafter's signature with Mr. LeMay's. But neither is this an inadvertently unsigned document--the drafter clearly knows that LeMay must sign his own pleadings, as shown by the initiating motion in cause No. CV 09-0549 WJ/ LFG.

The instant complaint reminds the Court of criminal counterfeiting cases where the poor quality of the fake documents begs the question of the defendant's intent to defraud. *See, e.g.,*

*United States v. Mousli*, 511 F.3d 7 (1st Cir. 2007).  The Court is not convinced that this drafter is attempting to defraud the Court as to the real party in interest or the signature requirement.  *See* Fed. R. Civ. P. 17(a), 11(a).  On the other hand, the Court is convinced that this complaint does not constitute a curable unsigned document.  *See Becker v. Montgomery*, 532 U.S. 757, 765 (2001) (ruling that failure to sign notice of appeal is curable defect).  The drafter, with or without the approval of a real party plaintiff, may not simply submit documents under another person's name.  *See* Fed. R. Civ. P. 11(a).  The Court hereby notifies the drafter of this complaint that further abuses may result in the entry of filing restrictions against him.  The Court will dismiss the complaint.

    IT IS THEREFORE ORDERED that the Clerk is directed to correct Mr. LeMay's prisoner ID number (#66972) on the docket, and to mail a copy of this order to John Paul Thomas at the address on the docket in cause No.CV 09-0574-MV/KBM;

    IT IS FURTHER ORDERED that the complaint filed in this matter is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE